

**ORDERED in the Southern District of Florida on July 19, 2012.**

_A. Jay Cristol_

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                                    Case No. 10-19301-BKC-AJC

VILLAGE AT DADELAND ASSOCIATES, LLC,

       Debtor.
_____/

DREW M DILLWORTH AS CHAPTER 7
TRUSTEE,

       Plaintiff,                                   Adv. No.12-1296-BKC-AJC-A

-vs-

OCEAN BANK,

       Defendant.
_____/

**MEMORANDUM ORDER DENYING DEFENDANT OCEAN BANK'S MOTION FOR
ABSTENTION AND OTHER RELIEF (DE#5)**

THIS CAUSE came before the Court for hearing on May 24, 2012 at 11:00 a.m., upon the *Defendant Ocean Bank's Motion For Abstention And Other Relief* ["*Motion*"] (DE#5). The Court having heard argument of counsel for the Trustee/Plaintiff and counsel for the Defendant, having requested proposed memorandum orders from each, having reviewed the record in the instant Adversary Proceeding and the Parent Case, and being duly-advised in the premises, denies the motion.

## Background

Debtor, Village at Dadeland Associates, LLC, filed a voluntary petition ("Petition") under Chapter 7, title 11, United States Code on April 9, 2010 ("Petition Date"). Drew M. Dillworth is the Chapter 7 Trustee ("Plaintiff" or "Trustee") of the Debtor's bankruptcy estate.

The Plaintiff, on April 9, 2012, filed a complaint (DE#1) ("Complaint") against Defendant to recover certain alleged transfers of monies pursuant to Florida Statutes §§ 726.105(1)(A), 726.105(B) and 726.106 (Counts I-III), as well as for Unjust Enrichment (Count IV). The Trustee alleges in the Complaint that, among other things, the subject transfers were concealed and part of a scheme to defraud creditors of the Debtor, and that he had difficulty in obtaining records reflecting the transfers from the principals and professionals of the Debtor.

Defendant filed the instant Motion in response to the Complaint, seeking permissive abstention as set forth in 28 U.S.C. §1334(c)(1). Defendant asserts permissive abstention is appropriate in this matter because the issues set forth in the Complaint relate to claims arising under state law (Florida law), and not arising under federal or bankruptcy law. There is no pending lawsuit in any forum related to these matters between these parties.

The two-year deadline for the Trustee to file the instant suit has now passed. *See* 11 U.S.C. § 546(a)(1) (bankruptcy avoidance limitations period). However, the Defendant stated

that it would waive any statute of limitations defense that did not exist on April 9, 2012 if the Court abstained.

## Discussion

To determine whether permissive abstention is appropriate, there are many factors to consider. *See, e.g., In re United Container, LLC*, 284 B.R. 162, 176 (Bankr. S.D. Fla. 2002). Specifically, the Court should consider the following "(1) the effect, or lack of effect, on the efficient administration of the bankruptcy estate if discretionary abstention is exercised, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of related proceedings commenced in state court or other non-bankruptcy courts, (5) the jurisdictional basis, if any, other than §1334, (6) the degree of relatedness or remoteness of the proceedings to the main bankruptcy case, (7) the substance rather than the form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden on the bankruptcy court's docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to jury trial, (12) the presence in the proceeding of non-debtor parties, (13) comity, and (14) the possibility of prejudice to other parties in the action." *Id*. No one factor is controlling, and the Bankruptcy Court has discretion to give the relative weight to be afforded each factor. *See, e.g., In re Phoenix Diversified Investment Corporation*, 439 B.R. 231, 246 (Bankr. S.D. Fla. 2010). Abstention is to be used sparingly and in limited exceptional circumstances. *See, id.* at 246

It appears abstention would affect the administration of this Estate. The statute of limitations has expired in this matter for the Trustee to seek recovery in another forum. Although the Defendant has offered to waive any statute of limitations defense that did not exist on April 9,

2012, the Court believes that reliance on this representation would not avoid other issues. The Court is familiar with the Parent Case and the various adversaries that have been filed, and the difficulty the Trustee asserts he had in obtaining records of transactions involving the Debtor's assets. Given the Court's familiarity with the case and the issues involved in the Adversary Proceeding, the Court believes it could most expeditiously resolve this case.

*(1) the effect of abstention on the efficient administration of the bankruptcy estate.*

The Court is aware of the general backlog in the state courts, especially given the huge backlog of mortgage foreclosures, and the effect and strain this backlog has had on the state courts. The sole assets of this Estate appear to be whatever recovery may be had in this and related adversary proceedings. The administration of this Estate would be hindered if this Court were to abstain because, even if Ocean Bank agreed to waive its statute of limitations defense, the state courts are overburdened as they are and facing further budget cuts, resulting in delays which affect the efficiency of case administration in this Court.

*(2) the extent to which state law issues predominate over bankruptcy issues.*

The issues set forth in the Complaint are state law claims. However, the claims for relief under Florida's Uniform Fraudulent Transfer Act (Fla. Stats. §726 *et seq.*) are matters this Court considers routinely and are similar to relief this Court considers in regards to actions brought pursuant to 11 U.S.C. § 548, and therefore the factors and elements are familiar. Though state law "predominates" the instant Adversary Proceeding, this factor is of inconsequential weight because of the similarity between the Code (11 U.S.C. §548) and Florida law (Fla. Stat §§726 *et seq.*). The "law of fraudulent transfers…..falls squarely within this Court's area of expertise". *See, In re Astropower Liquidating Trust*, 335 B.R. 309, 330 (D. Del. 2005).

***(3) the difficulty or unsettled nature of the applicable state law.***

This Court understands the nature of fraudulent transfer actions, whether under federal law (11 U.S.C. §548) or state law (Fla. Stat §§726 *et seq.*); and, though no answer has been filed, the Court is aware of the possible affirmative defenses that may or could be raised to such actions. *See, e.g., Astropower supra* at 330; *Phoenix supra* at 246 (matters of professional negligence and aiding and abetting breach of fiduciary duty claims are neither difficult nor unsettled under Florida law).

***(4) presence of related proceedings commenced in state court or other non-bankruptcy courts.***

This factor is critical in regards to the present Adversary Proceeding.  There is no pending litigation elsewhere to which this Court should abstain in the interest of comity or otherwise. There is no action to which this case could be remanded or otherwise transferred.  Additionally, the statute of limitations has expired for the Trustee to sue Ocean Bank (under both federal and state law).    Therefore, this factor supports the Trustee's argument that abstention is inappropriate, because courts generally do not permissively abstain if there is no pending action elsewhere.  *See, e.g., In re Sonnyco Coal, Inc.*, 131 B.R. 799, 803 (D.S.D. Ohio 1990) (state statute of limitations had expired on action); *Phoenix supra* at 246-47 (denying permissive abstention, and giving great weight to the fact that because bankruptcy case had been pending for over two (2) years, the state statute of limitations would have expired on the Trustee's claim and he could no longer benefit from § 108(a)); *Security Farms v. Int'l Brotherhood of Teamsters*, 124 F.3d 999, 1009 (9th Cir. 1997) (abstention only where parallel proceeding in another court); *In re Eastport Assocs.*, 935 F.2d 1071, 1078-79 (9th Cir. 1991); *In re Alvarez*, 200 B.R. 259, 261 (Bankr. M.D. Fla. 1996) (Congress designed both mandatory and permissive abstention to apply only in matters where there was already a pending case in a non-bankruptcy forum); *In re Baltimore Coach Co.*, 103 B.R. 103, 107 (D.Md. 1989) ("This Court cannot imagine an act more

5

inimical to the interest of justice than the permissive granting of the motion for abstention. Such an act would absolutely prevent the trustee from filing suit because of the bar of limitations"); *In re Marks Paper Co., Inc.*, 2008 WL 718154 at *2 (E.D.La. 2008) (denying permissive abstention as there was no other appropriate venue).

**(5) jurisdictional basis, if any, other than § 1334.**

There is no basis for federal jurisdiction other than 28 U.S.C § 1334.

**(6) degree of relatedness or remoteness of the proceedings to the main bankruptcy case.**

This Adversary Proceeding, and two (2) others filed against Debtor's principals, are the only methods or means by which this "no asset" estate may bring monies or property into this Estate for distribution to Debtor's creditors. The Court believes this factor favors the Trustee.

**(7) the substance rather than the form of an asserted "core" proceeding.**

As the claims asserted would fall under state law, these are non-core matters.

**(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to bankruptcy court.**

All of the claims are state court claims; but there is no pending action elsewhere; so severance is not an issue.

**(9) the burden of the bankruptcy court's docket.**

Retaining jurisdiction of this case may place burdens upon the bankruptcy court to administer this case and preside over pretrial discovery and other dispositive motions to ready this case for trial.  However, the Court believes that the burden on a backlogged state court docket is too great and weighs in favor of this Court retaining jurisdiction.  The Court believes this matter could be much more expeditiously resolved in this Court.

**(10) the likelihood that the commencement of the proceedings in bankruptcy court involve forum shopping by one of the parties.**

There is no evidence of forum shopping in regards to this factor and thus it is neutral.

***(11) the existence of a right to jury trial.***

A jury trial right may exist if timely made. This factor does not bar this Court from considering the case.

***(12) the presence in the proceedings of non-debtor parties.***

This is a matter involving a bankruptcy trustee acting for the benefit of the bankruptcy estate and naming a non-debtor as a party defendant. This factor is neutral, as there are no other parties, and it is typical for a trustee to sue non-debtors, especially in avoidance and recovery actions of the nature involved herein.

***(13) comity.***

Because the statute of limitations under federal and state law has expired, and there is no pending action in a non-bankruptcy forum, abstaining will not further the interest of justice nor is it in the interest of comity with state courts or respect for state law.

***(14) the possibility of prejudice to other parties to the action.***

There are no other parties in this adversary proceeding and therefore no prejudice.

Based upon the foregoing analysis of the applicable factors and giving appropriate weight to the relevance of each, the Court is not persuaded to abstain in this adversary proceeding. To abstain in a case where there is no other pending forum in which the action is pending would necessitate starting all over in another forum, and so the additional unnecessary litigation begins. If the Court keeps the case here, this matter could be ready for trial on a short schedule and the Court could additionally oversee the discovery with which it is already familiar. Thus, it is

ORDERED AND ADJUDGED that Ocean Bank's Motion is DENIED, and Ocean Bank is directed to file and serve a response to the Complaint within 14 days from entry of this Order.

###

Copies to:

James B. Miller, Esq.
Gregory S. Grossman, Esq.